■ ALESSANDRO SACCHETTI, Respondent, v MICHAEL L. GIORDANO, DPM, Appellant. (Appeal No. 1.) [956 NYS2d 361]—

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained as a result of defendant's alleged podiatric malpractice. Following a trial, the jury found defendant liable for plaintiff's injuries and awarded damages to plaintiff. Defendant made a posttrial motion to set aside the jury's verdict on the ground that it is not supported by legally sufficient evidence and to direct a verdict in his favor. In the alternative, defendant requested that a new trial be granted because, inter alia, the verdict is against the weight of the evidence. Supreme Court properly denied defendant's posttrial motion.

Contrary to defendant's contention, plaintiff established a prima facie case of podiatric malpractice. Indeed, "there is a valid line of reasoning supporting the jury's verdict that defendant deviated from the applicable standard of care . . . and that

such deviation was a proximate cause of plaintiff's injuries" (*Winiarski v Harris* [appeal No. 2], 78 AD3d 1556, 1557 [2010]; *cf. James v Wormuth* [appeal No. 2], 93 AD3d 1290, 1291 [2012]). We reject defendant's alternative contention in support of his posttrial motion that the verdict on liability is against the weight of the evidence. We conclude that the verdict "is one that reasonable persons could have rendered after receiving conflicting evidence [and thus we] should not substitute [our] judgment for that of the jury" (*Herbst v Marshall*, 89 AD3d 1403, 1403 [2011]).

Finally, contrary to defendant's contention, the jury awards for past and future lost wages are supported by legally sufficient evidence and are not against the weight of the evidence. While plaintiff did not become a union electrician until after he was treated by defendant, " '[r]ecovery for lost earning capacity is not limited to a plaintiff's actual earnings before the [injury], . . . and the assessment of damages may instead be based upon future probabilities' " (*Huff v Rodriguez*, 45 AD3d 1430, 1433 [2007]; *see Kirschhoffer v Van Dyke*, 173 AD2d 7, 10 [1991]). Present—Centra, J.P., Peradotto, Sconiers, Valentino and Martoche, JJ.